## Mastrangelo v. Meyers

*Lawrence J. A. Purpura*, Special Assistant Attorney General, for Commonwealth.

*Tasso E. Camarinos*, for purchasers.

*Alexander Cooper*, for claimant.

BROSKY, J., May 17, 1965.—Ralph Mastrangelo, the erstwhile owner and operator of a business known as "Pancake Parlor", located on the Sawmill Run Road in the City of Pittsburgh, County of Allegheny, Pa., by a bulk sale transferred his interest therein to Joseph Meyers and Margaret L. Blocher for the sum of $4,180, which transferees placed in the hands of their attorney, who, after paying the sum of $290.62 and receiving releases of the liens filed against transferor by the Internal Revenue Service, paid the balance, in the sum of $3,889.38, less poundage, to the Prothonotary of Allegheny County, under subsection 4 of section 6 of the Uniform Commercial Code, 12A PS §6-106, and an order of this court dated September 8, 1964.

The following claims have been filed in respect to the distribution of the said fund:

1. The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Employment Security, for $2,537.23, plus interest at one percent per month from October 1, 1964, upon the sum of $1,894.13.

2. Commonwealth of Pennsylvania, Bureau of Sales and Use Tax, under section 546.3 of the Act of March 6, 1956, P. L. 1228, as amended, 72 PS §3403-546.3, in the sum of $8,867.21.

3. Brookline Savings and Trust Company in the sum of $285.

4. Famous Foods, Inc. in the sum of $959.71.

5. Pitt Provision Company in the sum of $1,233.72.

6. Potter-McCune Company in the sum of $43.55.

7. Western Pennsylvania District, Sealtest Foods, Division of National Dairy Products Corporation, in the sum of $623.43.

The following claimants have liens of record in respect to the fund in the prothonotary's office:

1. The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Employment Security, in the amount of $2,688.01, being the sum of unpaid contributions, costs, interest to October 1, 1964, and interest at one percent per month from October 1, 1964, to May 12, 1965.

2. Western Pennsylvania District, Sealtest Foods, Division of the National Dairy Products Corporation, under a judgment in its favor in the County Court of Allegheny County on January 1, 1964, transferred to this court as a lien on September 21, 1964, in the amount of $672.16, being the sum of the judgment and six percent interest thereon to May 12, 1965.

The claim of the Commonwealth, Bureau of Sales and Use Tax, is based upon the Act of 1956, supra, which provides:

"Every person who shall sell or cause to be sold at auction, or who shall sell or transfer in bulk, fifty-one per centum or more of any stock of goods, wares or merchandise of any kind, fixtures, machinery, equipment, buildings or real estate, involved in a business for which such person is licensed or required to be licensed under the provisions of section 301 of this act, . . . shall give the department ten days' written notice of the sale or transfer prior to the completion of the transfer of such property. Whenever the seller or transferor shall fail to give such notice to the de-

partment, or whenever the department shall inform the purchaser or transferee that a possible claim for tax imposed by this act exists, any sums of money, property or choses in action or other consideration, which the purchaser or transferee is thereafter required to transfer over to the seller or transferor, shall be subject to a first priority right and lien for any taxes theretofore or thereafter determined to be due from the seller or transferor, and the purchaser or transferee is forbidden to transfer to the seller or transferor any such sums of money, property, or choses in action to the extent of the amount of the Commonwealth's claim. . . ."

Section 548, article V, of the said act, 72 PS §3403-548, provides:

"(a) Lien Imposed. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, addition or penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the Commonwealth upon the property, both real and personal, of such person but only after same has been entered and docketed of record by the prothonotary of the county where such property is situated".

The claim, as filed by the Bureau of Sales and Use Tax, is not based upon a lien. It is, therefore, clear that under section 546.3, supra, only a sum which would otherwise be paid to Ralph Mastrangelo, transferor, is subject to the claim of said bureau. Thus, the claims on a pro rata basis of transferor's no-lien creditors have a priority over said bureau's claim. An order for distribution will be drawn accordingly.

### ORDER OF COURT

And now, to wit, May 17, 1965, it is ordered, adjudged and decreed that the Prothonotary of Allegheny County distribute the fund in his hands as follows:

1. The sum of $2,688.01 to the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Employment Security;

2. the sum of $672.16, less poundage, to Western Pennsylvania District, Sealtest Foods, Division of National Dairy Products Corporation;

3. the sum of $249.86, less poundage, to Pitt Provision Company;

4. the sum of $234.78, less poundage, to Famous Foods, Inc.;

5. the sum of $40.37, less poundage, to Brookline Savings and Trust Company, and

6. the sum of $3.67, less poundage, to Potter-McCune Company.